MARC J. FAGEL (Cal. Bar No. 154425)
MICHAEL S. DICKE (Cal. Bar No. 158187)
  dickem@sec.gov
SHEILA E. O'CALLAGHAN (Cal. Bar No. 131032)
  ocallaghans@sec.gov
ROBERT S. LEACH (Cal. Bar No. 196191)
  leachr@sec.gov
ROBERT J. DURHAM (Admitted to the New York Bar)
  durhamr@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>GLR CAPITAL MANAGEMENT, LLC, GLR ADVISORS, LLC, GERINGER, LUCK & RODE LLC, and JOHN A. GERINGER<br><br>Defendants<br><br>and<br><br>GLR GROWTH FUND, L.P.,<br><br>Relief Defendant. | Case No. 12-CV-2663 (HRL)<br><br>[PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION AND ANCILLARY RELIEF |

Plaintiff Securities and Exchange Commission ("Commission") filed its complaint in this action on May 24, 2012 against defendants GLR Capital Management, LLC, GLR Advisors, LLC, Geringer, Luck & Rode LLC, and John A. Geringer, and relief defendant GLR Growth Fund, L.P. The Court has now received the Consent of GLR Capital Management, LLC, GLR Advisors, LLC, John A. Geringer, and Relief Defendant to Entry of Order Granting Preliminary Injunction and Ancillary Relief ("Consent"). In the Consent, among other things, GLR Capital Management, LLC, GLR Advisors, LLC, John A. Geringer, and GLR Growth Fund, L.P. each: (1) entered a general appearance; (2) consented to the Court's jurisdiction over him or it and the subject matter of this action; (3) neither admitted nor denied the allegations of the Complaint (except as to jurisdiction, which each admitted); (4) consented to entry of this Order Granting Preliminary Injunction and Ancillary Relief; (5) waived findings of facts and conclusions of law for purposes of this Order only; and (6) waived any right to appeal from this Order.

Based on the Consent, and for good cause appearing, the Court orders as follows:

## I.

IT IS HEREBY ORDERED THAT, pending a final disposition of this action, Defendants GLR Capital Management, LLC, GLR Advisors, LLC, and John A. Geringer and their respective officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, who receive actual notice of this Order, by personal service or otherwise, are preliminarily enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or courses of business which operates or would operate as a fraud or deceit upon any person.

**II.**

IT IS HEREBY ORDERED THAT, pending a final disposition of this action, Defendants GLR Capital Management, LLC, GLR Advisors, LLC, and John A. Geringer and their respective officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, are preliminarily restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)], by using any means or instruments of transportation or communication in interstate commerce or by using the mails, directly or indirectly in the offer or sale of securities:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**III.**

IT IS HEREBY ORDERED THAT, pending a final disposition of this action, Defendants GLR Capital Management, LLC, GLR Advisors, and John A. Geringer and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, are preliminarily restrained and enjoined from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and (2)], by using any means or instruments of transportation or communication in interstate commerce or by using the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud any client or prospective client;

(b) to engage in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client.

## IV.

IT IS HEREBY FURTHER ORDERED THAT, pending a final disposition of this action, Defendants GLR Capital Management, LLC, GLR Advisors, LLC, and John A. Geringer and their respective officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, are preliminarily restrained and enjoined from violating Section 206(4) of the Investment Advisers Act of 1940 ("Advisors Act") [15 U.S.C. § 80b-6(4)], and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8], by using the mails or any means or instrumentality of interstate commerce, directly or indirectly:

    (a) to make any untrue statement of a material fact, or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; or

    (b) otherwise engage in any act, practice or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a pooled investment vehicle.

## V.

IT IS HEREBY ORDERED THAT, pending a final disposition of this action, Defendants GLR Capital Management, LLC, GLR Advisors, LLC, and John A. Geringer and their respective officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, are preliminarily enjoined from violating, directly or indirectly, Section 26 of the Securities Exchange Act of 1934 [15 U.S.C. § 78(z)], by making, or causing to be made, to any prospective purchaser or seller of a security any representation that the Commission has passed on the merits of, or given approval to, any security or transaction or transactions therein.

## VI.

IT IS FURTHER ORDERED THAT a freeze shall be placed on all monies and assets in all accounts at banks holding accounts in the name or for the benefit of GLR Growth Fund, L.P., and

that all banks holding such accounts shall not permit transactions in such accounts without further order of the Court.

### VII.

IT IS FURTHER ORDERED THAT, pending a final disposition of this action, Defendant GLR Capital Management, LLC, as the general partner of the Fund, or any successor general partner of the Fund, or any other person or entity authorized to act as the general partner of the Fund, provide the Commission with no less than 10 business days notice before dealing in any Fund asset; selling, conveying, disposing or transferring, or approving the sale, conveyance, disposal or transfer of, any Fund asset, or mortgage, encumber or borrow against any Fund asset.

### VIII.

IT IS FURTHER ORDERED THAT the terms of this Order shall remain in force until further order by this Court.

The Court, having considered this Proposed Stipulation and Order, adopts as its order the provisions of paragraphs I through VIII, above.

IT IS SO ORDERED.

Dated this 12 day of June, 2012

_____
*Lucy H. Koh*
UNITED STATES DISTRICT JUDGE