UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LYNN BRIDGES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN A. GERINGER, et al., <br><br> Defendants. | Case No.: 13-CV-01290-LHK <br> Related Case No.: 12-CV-02663-LHK <br><br> ORDER GRANTING MOTION TO STAY; ORDER DENYING SANTA CRUZ COUNTY BANK'S MOTION TO DISMISS |

Plaintiffs bring this action to recover substantial monetary losses resulting from Defendants' alleged Ponzi scheme. *See* Compl. ¶ 1, ECF No. 1. Presently before the Court is a motion to stay this action for six months filed by Defendants John Geringer, Christopher Luck, and Keith Rode. Plaintiffs and Defendant Santa Cruz County Bank (the "Bank") oppose the motion. Having reviewed the parties' submissions and the relevant law, the Court GRANTS the Motion to Stay, including all deadlines and discovery, subject to exceptions for limited discovery on a case-by-case basis pursuant to joint stipulation of the parties or where good cause is shown.

**I.    BACKGROUND**

Plaintiffs in this case (the "Instant Action") are a subset of the victims of alleged crimes perpetrated by John Geringer, Christopher Luck, and Keith Rode (the "GLR Defendants"), who are currently the subject of a criminal prosecution pending before this Court. *See United States v. Geringer*, No. 12-00888 (N.D. Cal. filed Dec. 20, 2012) (the "Criminal Action"). Along with the

1
Case No. 13-CV-01290-LHK
Related Case No. 12-CV-02663-LHK
ORDER GRANTING MOTION TO STAY; ORDER DENYING SANTA CRUZ COUNTY BANK'S MOTION TO DISMISS

1   GLR Defendants, Plaintiffs bring the Instant Action against the Santa Cruz County Bank (the
2   "Bank") as a result of the alleged conduct of its former Vice President, Chuck Maffia. The GLR
3   Defendants are also the subject of an SEC civil enforcement action (the "SEC Action") that is
4   similarly before this Court as a result of GLR Defendants' alleged misconduct. *See SEC v. GLR*
5   *Capital Mgmt., LLC*, No. 12-02663 (N.D. Cal. filed May 24, 2012). The Bank is not, however, a
6   defendant in either the SEC Action or the Criminal Action.

In all three actions, all of which the Court related,[1] the GLR Defendants stand accused of misrepresenting the performance and strategy of their investment fund, the GLR Growth Fund, as well as concealing their fraud through a Ponzi scheme. *See* Compl. ¶¶ 1-4; SEC Action Compl. ¶¶ 1-3; Criminal Action Indictment ("Indict.") ¶¶ 14-21. In total, the GLR Defendants are alleged to have raised over $60 million dollars as part of their alleged scheme. *See* Indict. ¶ 19; SEC Action Compl. ¶ 1. Approximately $5.1 million of which is alleged to have originated with Plaintiffs of the Instant Action. *See* Compl. ¶ 2.

In the Instant Action, Plaintiffs raise five claims. Two of the causes of action—conspiracy to commit fraud and violations of Section 12(a)(2) of the Securities Act, 15 U.S.C. § 77l(a)(2)— are brought against both the GLR Defendants and the Bank. *See* Compl. ¶¶ 86-94, 114-126. The remaining three causes of action—aiding and abetting fraud, aiding and abetting breach of fiduciary duty, and negligent misrepresentation—are brought only against the Bank. *See id.* ¶¶ 70-85, 95-117. The GLR Defendants have each filed Answers invoking the Fifth Amendment for nearly every assertion in the Complaint. *See* ECF Nos. 10-11, 14.

On February 13, 2013, the Court stayed the SEC Action for six months pursuant to a stipulation between the GLR Defendants and the SEC. *See* SEC Action, ECF No. 73. On June 10, 2013, the GLR Defendants filed a Motion for a Stay in the Instant Action for six months from the entry of the Court's Order. *See* Mot. Stay ("Mot."), ECF No. 34. After the Instant Action was reassigned to the undersigned judge on June 14, 2013, *see* ECF No. 39, the GLR Defendants re-

---

[1] *See* Order Relating *Bridges v. Geringer* to the SEC Action, ECF No. 38; *see also* SEC Action, ECF No. 53 (relating the Criminal Action to the SEC Action), ECF No. 97 (relating the SEC Action to the Instant Action).

2
Case No. 13-CV-01290-LHK
Related Case No. 12-CV-02663-LHK
ORDER GRANTING MOTION TO STAY; ORDER DENYING SANTA CRUZ COUNTY BANK'S MOTION TO DISMISS

filed their Motion for Stay, *see* ECF No. 42.  Both Plaintiffs and the Bank filed oppositions.  *See* Bank Opp'n, ECF No. 44; Pl.'s Opp'n, ECF No. 46.

## II.   LEGAL STANDARD

The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of parallel criminal proceedings.  *See Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989).  "In the absence of substantial prejudice to the rights of the parties involved, such parallel proceedings are unobjectionable under our jurisprudence." *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1374 (D.C. Cir. 1980).  Nonetheless, a court may exercise its discretion to stay civil proceedings when the interests of justice seem to require such action.  *See Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995).

"A court must decide whether to stay civil proceedings in the face of parallel proceedings in light of the particular circumstances and competing interests involved in the case." *Molinaro*, 889 F.2d at 902 (citation omitted).  In determining whether to stay civil proceedings, a court should first consider "the extent to which the defendant's Fifth Amendment rights are implicated." *Keating*, 45 F.3d at 324 (quoting *Molinaro*, 889 F.2d at 902).  However, "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Keating*, 45 F. 3d at 326.  Thus while the extent to which a defendant's Fifth Amendment rights are implicated is a "significant factor" to be considered, it is "only one consideration to be weighed against others." *Id.* (citation omitted).

Additional factors that a court should generally consider when deciding whether to stay a civil proceeding in the face of parallel proceedings include:

> (1) the interests of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Keating*, 45 F.3d at 325.

Nonetheless, other than cases involving bad faith or malice on the part of the government, "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Dresser*, 628 F.2d at 1375-76. In such a case, allowing the civil action to proceed may undermine the defendant's Fifth Amendment privilege, expand criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the defense strategy to the prosecution before the criminal trial, or cause other prejudice. *Id.* at 1376. Accordingly, where the civil proceeding wholly or substantially overlaps with the criminal proceeding, a court may be justified in staying the civil case, deferring civil discovery, or taking other protective measures. *Id.*

### III.   DISCUSSION

The GLR Defendants request a stay in the Instant Action due to pending discovery and litigation in the Criminal Action, and to align with the stay in the SEC Action. *See* Mot., ECF No. 34, at 2; ECF No. 42, at 2. Plaintiffs oppose this motion, contending that the Court is not required to stay a civil case that is parallel to a criminal action, and that Plaintiffs will suffer prejudice if the action is stayed because they "need immediate discovery to identify and trace Defendants' assets." *See* Pl.s' Opp'n at 5. Additionally, Plaintiffs argue that this action must proceed expeditiously because a number of the plaintiffs lost substantial sums of money and are over 65 years of age. *Id.* Defendant Santa Cruz County Bank opposes this motion as well because "[t]he pendency of this civil action does not rise to the level of a deprivation of due process as to [the GLR Defendants], and the GLR Defendants' rights may be protected pending resolution of the Criminal Action against them by assertion of the Fifth Amendment in this civil action." Bank Opp'n at 1. The Bank further argues that a stay is not warranted in the interests of judicial economy because the Bank's Motion to Dismiss may be dispositive of some of Plaintiffs' claims, and the issues to be resolved in the instant case are distinguishable from the issues in the SEC and Criminal Actions. *See id.* at 5.

4

Case No. 13-CV-01290-LHK
Related Case No. 12-CV-02663-LHK
ORDER GRANTING MOTION TO STAY; ORDER DENYING SANTA CRUZ COUNTY BANK'S MOTION TO DISMISS

Broadly speaking, the Court has the following three options: (1) allow the case to proceed in its entirety as requested by Plaintiffs and the Bank; (2) stay the matter entirely for six onths as requested by the GLR Defendants; or (3) allow the case to proceed in part as the case relates to the Bank. For the reasons set forth below, the Court finds that, to preserve the GLR Defendants' Fifth Amendment rights and in the interests of judicial economy for all parties to this action as well as the Court, the Instant Action should be stayed in its entirety for six months. However, the Court will permit limited discovery on a case-by-case basis subject to certain restrictions. *See infra* Part III.D.

### A.   The Court's Order in *SEC v. Alexander*

At the outset, the Court notes that it addressed a similar motion to stay in *SEC v. Alexander*, No. 10-04535, 2010 WL 5388000 (N.D. Cal. Dec. 22, 2010), in which the defendants were also the subject of a civil enforcement action by the SEC and a parallel criminal proceeding for their role in an alleged scheme to defraud investors. After weighing the interests presented by a particular defendant's assertion of his Fifth Amendment privilege and other *Keating* factors, the Court concluded that a stay was warranted. *See id.* at *7.[2]

In determining that the *Alexander* civil enforcement action should be stayed, the Court emphasized the fact that a stay was unlikely to seriously prejudice the interests of the SEC, non-party investors, and the public. First, the Court noted that ongoing SEC and criminal investigations "alleviated concerns that investors might be further harmed . . . by defendants." *Id.* Second, the Court found that "the public interest [was] largely served by the parallel criminal proceeding[,] and the significant overlap between the civil and criminal proceedings mitigate[d] concerns that evidence might become unavailable while the case is stayed." *Id.* Furthermore, the Court found that "the burden on [Swanson, one of the defendants] [wa]s serious and not easily avoided. His Fifth Amendment rights appear to be implicated by nearly every aspect of the civil proceeding."

---

[2] The Bank characterizes *Alexander* as having only stayed the case as to one defendant (Swanson). *See* Bank Opp'n at 4. However, when another defendant in that case, Alexander, filed her own motion to stay, the Court denied it as moot, reasoning that it had already "stay[ed] all discovery, including the Answers and initial disclosures of all Defendants." *Alexander*, No. 10-04535 (N.D. Cal. Dec. 29, 2010) (order denying as moot motion to stay).

5
Case No. 13-CV-01290-LHK
Related Case No. 12-CV-02663-LHK
ORDER GRANTING MOTION TO STAY; ORDER DENYING SANTA CRUZ COUNTY BANK'S MOTION TO DISMISS

Indeed, without granting the motion to stay, the defendant "[would have been] forced to choose between preserving his privilege against self-incrimination, thereby subjecting himself to a one-sided discovery process and adverse inferences drawn from his invocation of the Fifth Amendment, and waiving the privilege in order to mount a vigorous defense in the civil case." *Id.* Accordingly, the Court concluded that a stay was warranted.[3]

### B. Staying the Case to the Extent it Involves the GLR Defendants

The reasoning that motivated this Court in *Alexander* applies with nearly equal force in this case. Though any concerns about the government expanding discovery in a parallel civil action beyond the scope of what is permissible under Federal Rule of Criminal Procedure 16(b) are not present in this particular case because the government is not party to the Instant Action, Fifth Amendment concerns, considered together with the *Keating* factors, weigh in favor of staying the case.

Given the substantial overlap between the Criminal Action and the Instant Action, the GLR Defendants find themselves in the same position as the defendants in *Alexander*: "choos[ing] between preserving [their] privilege against self-incrimination, thereby subjecting [themselves] to a one-sided discovery process and adverse inferences drawn from [their] invocation of the Fifth Amendment, and waiving the privilege in order to mount a vigorous defense in the civil case." *Alexander*, 2010 WL 5388000, at *7. Forcing the GLR Defendants to make such a choice impinges on their Fifth Amendment rights.

None of the other *Keating* factors to be considered outweigh preserving the GLR Defendants' Fifth Amendment rights. As in *Alexander*, the criminal and SEC investigations prevent the GLR Defendants from causing further harm. Additionally, the public interest and the interests of individuals who both are and are not parties to this litigation—including other potential

---

[3] The Court did permit limited discovery where there was a risk of losing evidence, for instance in taking depositions of elderly or seriously ill witnesses. *Alexander*, 2010 WL 5388000, at *7. Discovery was allowed to proceed if good cause was shown or by stipulation of the parties on a case-by-case basis. *Id.*

6
Case No. 13-CV-01290-LHK
Related Case No. 12-CV-02663-LHK
ORDER GRANTING MOTION TO STAY; ORDER DENYING SANTA CRUZ COUNTY BANK'S MOTION TO DISMISS

victims of the GLR Defendants' alleged crimes—are served by the SEC and Criminal Actions. Moreover, the interest of judicial economy, as explained *infra* Part III.C, favors staying the case.

Accordingly, the Court finds that this Instant Action should not proceed to the extent it involves the GLR Defendants.

### C. Staying the Case In Its Entirety, Including as to the Bank

Given that the Court finds that the Instant Action should not proceed to the extent it involves the GLR Defendants, this case cannot, at minimum, proceed beyond deciding the Bank's Motion to Dismiss. All five of Plaintiffs' claims in this case pertain to the Bank, and resolution of each claim will require an inquiry into the allegations against the GLR Defendants. For instance, the Court cannot determine if the Bank aided and abetted the GLR Defendants without establishing what the GLR Defendants did. Proceeding beyond deciding the Motion to Dismiss would therefore implicate the GLR Defendants' Fifth Amendment rights.

Whether to proceed in deciding the Bank's Motion to Dismiss is a closer question. Considering the relevant factors, the interest of judicial economy tips the balance in favor of staying this case in its entirety. On the one hand, the Fifth Amendment rights of the GLR Defendants would not be implicated as the Court's analysis would be confined to the Complaint. Additionally, the Bank "wants to have this case promptly resolved on its Motion to Dismiss," Bank Opp'n at 3, as do the Plaintiffs, if possible. On the other hand, the case cannot, as previously discussed, move beyond deciding the Bank's pending Motion to Dismiss. For the reasons set forth below, deciding the Bank's Motion to Dismiss at this time is not a good use of the parties' or the Court's resources.

First and foremost, resolution of the Criminal Action will likely impact the substance of the Instant Action. Information uncovered in the Criminal Action may narrow or expand the scope of the claims and defenses in the Instant Action, may cause Plaintiffs to amend their complaint to allege new or different factual allegations and claims, and may cause the Bank to amend its Motion to Dismiss. Thus, proceeding with the Bank's Motion to Dismiss at this time may create unnecessary rounds of motion practice.

7
Case No. 13-CV-01290-LHK
Related Case No. 12-CV-02663-LHK
ORDER GRANTING MOTION TO STAY; ORDER DENYING SANTA CRUZ COUNTY BANK'S MOTION TO DISMISS

Moreover, if the Court were to deny the Bank's pending Motion to Dismiss, the case would then be stayed. If the Court were to grant the Motion to Dismiss, it would likely be dismissed without prejudice, so that Plaintiffs could then amend their complaint in order to cure any deficiencies. Once the Plaintiffs amended their complaint, the Bank might file another motion to dismiss, as is common practice for civil defendants. If the subsequent motion to dismiss was denied, the case would be stayed pending resolution of the Criminal Action, barring changed circumstances. Only if the subsequent motion to dismiss were granted with prejudice, would the Bank be free from this litigation. However, this would likely happen—if at all—many months into the future, and almost certainly beyond the six-month stay the Court issues here. Moreover, as discussed above, information uncovered in the Criminal Action may well impact the substance of the complaint and the subsequent motion to dismiss in the instant case, so proceeding now is improvident.

Additionally, the Bank presents no reason why staying the case in its entirety would cause it to experience significant prejudice. Rather, the Bank would merely need to wait until the stay is lifted to bring all of its motions and raise its defenses with the benefit of information uncovered in the Criminal Action.

Given that: (1) the resolution of the Criminal Action may facilitate a more efficient resolution of the Instant Action, (2) proceeding now may create unnecessary rounds of motion practice, and (3) the final resolution of Plaintiffs' claims against the Bank is likely well over six months away even if this Court were to rule on the pending Motion to Dismiss in the Bank's favor, the Court finds that the Instant Action should be stayed in its entirety for the next six months. The Court therefore GRANTS the GLR Defendants' Motion to Stay.

### D. Mitigating Potential Prejudice

The Court agrees with both Plaintiffs and the Bank that the passage of time may imperil evidence gathering, especially with regard to elderly witnesses. *See* Pl.s' Opp'n at 5-6 (describing Plaintiffs older than 65 and their need for this case to proceed); Bank Opp'n at 3-4 (noting that evidence related to Plaintiffs' allegations of oral misrepresentations are particularly time-sensitive

8

Case No. 13-CV-01290-LHK
Related Case No. 12-CV-02663-LHK
ORDER GRANTING MOTION TO STAY; ORDER DENYING SANTA CRUZ COUNTY BANK'S MOTION TO DISMISS

due to reliance on witnesses' memories). In *Alexander*, this Court found that "delay associated with a stay may affect the availability of witnesses and documents or the quality of testimony." *Id.*, 2010 WL 5388000, at *4 (citing *Dresser*, 628 F.2d at 1377). Thus, as mentioned *supra*, Part III.A, the Court permitted limited discovery where there was a risk of losing evidence, for instance in taking depositions of elderly or seriously ill witnesses. *Id.* at *7. Discovery was allowed to proceed if good cause was shown or by stipulation of the parties on a case-by-case basis. *Id.*

As in *Alexander*, the Court will permit discovery in the Instant Action on a case-by-case basis pursuant to joint stipulation of the parties or where good cause is shown.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS GLR Defendants' Motion to Stay the Instant Action for six months. Discovery, however, may proceed on a case-by-case basis pursuant to joint stipulation of the parties or where good cause is shown. In addition, the parties may file a joint status report with the Court should any material changes occur that, from the perspective of the parties, warrant lifting the stay. Further, the parties shall file a joint status report six months after the issuance of this Order detailing whether the parties believe that the stay should be continued or lifted.

The Bank has also moved to dismiss the Complaint as it pertains to claims made against the Bank. ECF No. 25. That motion is currently pending and a hearing on the motion is set for July 25, 2013. In light of this Order, the Court hereby DENIES without prejudice Defendant Santa Cruz County Bank's Motion to Dismiss and VACATES the July 25, 2013 hearing.

The Clerk shall administratively close the file.

**IT IS SO ORDERED.**

Dated: July 24, 2013

*Lucy H. Koh*
LUCY H. KOH
United States District Judge