UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GLR CAPITAL MANAGEMENT, LLC, et al.,<br><br>　　　　Defendants. | Case No. 5:12-cv-02663-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REAPPOINT SPECIAL MASTER**<br><br>Re: Dkt. No. 180 |

Within this civil enforcement action brought by Plaintiff Securities and Exchange Commission ("SEC"), presently before the court is the SEC's Motion to Reappoint the Special Master to assume additional responsibilities concerning Relief Defendant GLR Growth Fund (the "Fund"). See Docket Item No. 180. Two of the three individual defendants, Christopher A. Luck ("Luck") and Keith E. Rode ("Rode"), have filed written opposition to the motion. See Docket Item No. 187. Having carefully considered the briefing along with the parties' arguments at the hearing on April 2, 2015, the court has determined that the SEC's request is appropriate under the circumstances.

Accordingly, the Motion to Reappoint the Special Master will be granted for the reasons explained below.

**I.   BACKGROUND**

　　**A.   The Civil Enforcement Action**

According to the SEC's Amended Complaint, Defendants John A. Geringer ("Geringer"), Luck and Rode formed the Fund in 2003. They also formed GLR Capital Management, LLC ("GLR Capital"), which acted as the Fund's general partner. Geringer, Luck and Rode were the

1

Case No.: 5:12-cv-02663-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REAPPOINT SPECIAL MASTER

members of GLR Capital, and each occupied a different role in relation to the Fund. Geringer managed the Fund and directed its securities investments, Luck identified private company investments, and Rode kept the Fund's accounting records.

From 2005 through 2012, Geringer raised over $60 million for the Fund from private investors. But rather than investing these contributions in the manner represented, the SEC alleges that Geringer, Luck and Rode instead mismanaged the Fund by transferring significant amounts to companies held by them and misrepresenting the performance, strategy, and diversification of the Fund in marketing materials. Indeed, rather than the 17 to 25% annual return described in the marketing materials, the Fund's trading actually produced negative returns in every year from 2005 to 2009. In addition, the Fund's assets were not invested according to the strategy disclosed to investors. Instead, more and more of the Fund's money was invested in two private startup companies and not in securities, options, and commodities.

The SEC alleges that Geringer created false brokerage documents in order to hide the Fund's poor performance from investors. It further alleges that Luck and Rode assisted in the cover-up after the Fund's true condition was revealed to them by Geringer in 2009. Luck continued to solicit new investors and Rode prepared false periodic account statements.

### B. The Criminal Action

On December 20, 2012, Geringer, Luck and Rode were indicted by a federal grand jury on charges of conspiracy, mail fraud, wire fraud, securities fraud and money laundering for their involvement with the Fund. All three defendants eventually pled guilty to fraud charges between June and December, 2014. Luck has since been sentenced and is scheduled to surrender in April, 2015. Geringer and Rode await sentencing.

## II. LEGAL STANDARD

A federal court may appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C). The types of matters referred to a special master may include "duties that might not be suitable for a judge," such as the "administration of an

organization." Fed. R. Civ. P. 53, Advisory Committee Notes (2003 Amendments), Subdivision (a)(1).

Whether or not a special master should be appointed is a discretionary decision for the court. See Burlington N. R.R. Co. v. Dep't of Revenue, 934 F.2d 1064, 1071-72 (9th Cir. 1991). However, a special master appointment "is restricted to situations where they are necessary to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause" and should not be used to displace the duties of the court. Id. at 1072 (internal quotations omitted).

**III.   DISCUSSION**

The SEC seeks an order reappointing a special master previously engaged to complete and file the Fund's 2012 and 2013 tax returns. Under the current proposal, the special master would again be appointed for the purpose of completing the Fund's tax return, but would also be tasked with the management of the Fund in place of GLR Capital. The SEC further proposes that the special master investigate and report on the Fund's interest in Digital Delivery Networks, Inc. ("DDNi").

As to why the appointment is appropriate, the SEC points out that the active membership of the Fund's current manager, GLR Capital, presently consists of Luck and Rode.[1] Since they have pled guilty to charges related to the criminal mismanagement of the Fund, the SEC argues that Luck and Rode can no longer viably serve as its fiduciaries. In addition, the SEC believes that Luck and Rode are unfit managers due to the admissions they made with their guilty pleas, all of which confirm the extent of their mismanagement and abuse of trust.

In opposition, Luck and Rode take issue with the fee expense associated with a special master, and argue that an appointment is premature in any event because Rode will remain unincarcerated and available to manage the Fund for another three to five months. They also believe that obtaining an extension of the tax-filing deadline will obviate the need for a special

---

[1] Although he is technically still a member of GLR Capital, Geringer has since consented to an order barring him from associating with the organization.

3
Case No.: 5:12-cv-02663-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REAPPOINT SPECIAL MASTER

master to engage that duty for several months. In response to the claim they are unfit to manage the Fund, Luck and Rode disagree that developments in the criminal action disqualify them from their management positions. Instead, they argue that the court-ordered asset freeze is a sufficient safeguard. Furthermore, Luck and Rode think it unnecessary for a special master to monitor the Fund's interest in DDNi since that company has its own Board of Directors to do just that.

Under the circumstances presented here, the court concurs with the SEC. It is quite anomalous that Luck and Rode continue to manage, as fiduciaries, the same Fund they have now admitted to abusing. Because of the criminal convictions, they may no longer occupy the position of trust that comes with management of the Fund. At this point, it seems the only way to alleviate this irregularity is to remove Luck and Rode as managers and replace them with a neutral, court-appointed professional. Although this does come at a cost to the Fund, the benefit of that cost surely outweighs the alternative.

Luck and Rode's arguments in opposition to the appointment are unpersuasive. Since Luck and Rode are simply unqualified to retain their management positions over the Fund, neither Rode's availability nor an asset freeze can assist them in resisting a special master to replace them. Similarly, the availability of a tax filing extension is of no moment because, whether done now or later, the Fund's taxes will need to be completed by someone other than Luck and Rode. And the court disagrees that the existence of DDNi's Board of Directors renders it unnecessary or for someone to monitor the investment on behalf of the Fund, which is an entity independent of DDNi. Indeed, having independent oversight over the investment ensures that the partners' interest is protected.

Accordingly, the court finds that it is appropriate to appoint a special master pursuant Federal Rule of Civil Procedure 53, with the duties identified by the SEC.

**IV.   ORDER**

Based on the foregoing, the SEC's Motion to Reappoint the Special Master (Docket Item No. 180) is GRANTED. The SEC shall forthwith provide a proposed order of appointment which incorporates the amendments discussed at the hearing.

4
Case No.: 5:12-cv-02663-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REAPPOINT SPECIAL MASTER

1  The court schedules this case for a Case Management Conference at **10:00 a.m. on August
2  6, 2015**.  An updated Case Management Statement shall be filed on or before **July 30, 2015**.

4  **IT IS SO ORDERED.**

5  Dated: April 2, 2015


EDWARD J. DAVILA
United States District Judge

5
Case No.: 5:12-cv-02663-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REAPPOINT SPECIAL MASTER