1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **NORTHERN DISTRICT OF CALIFORNIA**
10                  **SAN JOSE DIVISION**
11

| | |
|---|---|
| 12   SECURITIES AND EXCHANGE COMMISSION, | Case No. CV12-2663 (EJD) |
| 13                  Plaintiff, | |
| 14          vs. | ~~[REVISED PROPOSED]~~ **SECOND ORDER APPOINTING SPECIAL MASTER** |
| 15   GLR CAPITAL MANAGEMENT, LLC, CHRISTOPHER A. LUCK, and KEITH E. RODE | |
| 16                  Defendants | |
| 17          and | |
| 18   GLR GROWTH FUND, L.P., | |
| 19                  Relief Defendant. | |
| 20 | |

21
22
23   **WHEREAS** the Court entered an order on February 11, 2014 appointing Gregory Sterling as

24   Special Master in this matter and charged him with certain duties regarding the preparation and filing

25   of the 2012 and 2013 tax returns of Relief Defendant GLR Growth Fund, L.P. (the "Fund") and

26   "[s]uch other and further duties as may be ordered by the Court" (ECF No. 151);

27           **WHEREAS** the Special Master performed his duties and the Court entered a further order on

28   August 19, 2014 discharging the Special Master "from performing any additional work unless and

1    until the Court enters a subsequent order defining new specific tasks for the Special Master to

2    perform";

3         **WHEREAS** Defendant Christopher A. Luck, one of two managing members of the Fund's

4    general partner, Defendant GLR Capital Management, LLC ("GLR Capital"), pleaded guilty to

5    conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349, mail fraud in violation of

6    18 U.S.C. § 1341, and securities fraud in violation of 15 U.S.C. §§ 78j(b) and 78ff, and 17 C.F.R. §§

7    240.10b-5 and 240.10b5-2 in connection with his involvement in the Fund's operation, in the case

8    pending before this Court captioned <u>United States v. Geringer</u>, Case No. 12-cr-888-EJD, and was

9    sentenced to 130 months imprisonment to begin on April 9, 2015 (12-cr-888-EJD ECF No. 132);

10        **WHEREAS** Defendant Keith E. Rode, the other managing member of the Fund's general

11   partner, pleaded guilty to mail fraud in violation of 18 U.S.C. § 1341 in connection with his

12   involvement in the Fund's operation, in <u>United States v. Geringer</u>, Case No. 12-cr-888-EJD, and is

13   scheduled to be sentenced on June 9, 2015 (12-cr-888-EJD ECF Nos. 1, 113 & 140);

14        **WHEREAS** the Court finds that, based on the record in these proceedings, the appointment

15   of the Special Master to perform additional tasks in this action is necessary and appropriate for the

16   purposes of preserving, monitoring and managing Fund's assets; and

17        **WHEREAS** this Court has subject matter jurisdiction over this action and personal

18   jurisdiction over Defendant GLR Capital, Defendant Luck, Defendant Rode and the Relief Defendant

19   Fund, and venue properly lies in this district, and good cause appearing;

20        1.    **IT IS HEREBY ORDERED** that Gregory Sterling of Receivers Incorporated, 15700

21   Winchester Boulevard, Los Gatos, California 95030 is reappointed by the Court as Special Master in

22   this matter (the "Special Master") to serve without bond, and that his duties are as follows:

23             A.  Assume management of the Fund from its current general partner, Defendant GLR

24                 Capital Management, LLC, including all powers, authorities, rights and privileges

25                 of the Fund's general partner.

26             B.  Determine the Fund's interest in Digital Delivery Networks, Inc. ("DDNi") and

27                 monitor such interest.  Should the Special Master determine that the Fund has a

28                 right to membership on the Board of Directors of DDNi and that it is in the best

interest of the Fund for the Special Master, or one or more persons on his behalf, to assume such membership, the Special Master shall seek authorization from the Court before assuming such membership on the Board of Directors of DDNi.

C.  With respect to the Fund's 2014 tax returns:

 i.  Determine whether it is in the best interest of the Fund to request an extension of time to file its 2014 tax returns and if so, request or cause such a request to be made to the appropriate taxing authorities;

 ii.  Prepare the 2014 tax returns of the Fund; and

 iii.  Execute the 2014 tax returns on behalf of the Fund, file them with the appropriate taxing agencies, and mail copies of the appropriate tax returns to the investors of the Fund.

D.  File with the Court and serve on the parties to this action no later than 45 days after the entry of this Order a report:

 i.  Describing the status of the Fund's interest in DDNi, including whether the Fund has a right to membership on the Board of Directors of DDNi;

 ii.  Recommending a future course of action with respect to the Fund's interest in DDNi, the funds in the Fund's bank account at Santa Cruz County Bank (taking into consideration, among other things, whether the funds in such account are adequately insured by the Federal Deposit Insurance Corporation) and any other asset of the Fund, and the reasons for such recommendation; and

 iii.  Proposing, if necessary, any additional powers the Special Master requires for the continued and future management of the Fund.

2.  **IT IS HEREBY FURTHER ORDERED** that, subject to the approval of this Court, the Special Master is empowered to hire an accountant or other professional ("Tax Professional") to assist him with the tasks outlined in section 1.C. above (relating to the Fund's 2014 tax returns), and any fees charged or expenses incurred by any Tax Professional shall be included in the Special Master's billings and shall be reimbursed by the Fund, subject to the approval of this Court.

3.      **IT IS HEREBY FURTHER ORDERED** that the Special Master and any Tax Professional shall, to the best of his/her ability, prepare the Fund's 2014 tax returns in conformance with normal accounting practices, but the Special Master and any Tax Professional and his/her firm shall have no personal liability for the truthfulness or authenticity of the financial information provided by the Fund or obtained from records of the Fund for the purposes of preparing, signing, filing, and mailing the tax returns of the Fund.

4.      **IT IS HEREBY FURTHER ORDERED** that the Special Master and any Tax Professional are authorized to release to the investors in the Fund and their respective counsels and representatives copies of the Fund's 2014 tax returns, but NOT including the Schedule K-ls filed in connection with those returns, except that each investor is entitled to receive a copy of his or her individual Schedule K-1.

5.      **IT IS HEREBY FURTHER ORDERED** that the Special Master and any Tax Professional are authorized to release to the parties to this action and to the related criminal action (United States v. Geringer, Case No. 12-cr-888-EJD) and their respective counsels and representatives copies of the Fund's 2014 tax returns including the Schedule K-ls filed in connection with those returns.

6.      **IT IS HEREBY FURTHER ORDERED** that the Special Master and any Tax Professional are authorized to engage in general discussions of the accounting concepts used in the preparation of the tax returns with the investors in the Fund, with the parties to this action and to the related criminal action (United States v. Geringer, Case No. 12-cr-888-EJD) and with their respective counsels and representatives.

7.      **IT IS HEREBY FURTHER ORDERED** that, subject to the approval of this Court, the Special Master and any Tax Professional and his/her firm shall charge at his/her normal hourly rate(s), and that the Fund shall pay the Special Master's and any Tax Professional's necessary and reasonable fees charged and expenses incurred (including the $800 annual tax due from the Fund on or about April 15, 2015 to the California Franchise Tax Board, if required), subject to the approval of this Court (see ECF No. 139 at page 6 of 19), and that the Special Master shall review any Tax Professional's fee and expense billings and shall promptly submit them to the Court, for payment

subject to the approval of the Court.

8.   **IT IS HEREBY FURTHER ORDERED** that the Special Master and any Tax Professional shall follow as guidelines the "Billing Instructions For Receivers In Civil Actions Commenced By The U.S. Securities And Exchange Commission" ("Guidelines") contained in Exhibit 1 to [Proposed] Order Appointing Special Master (ECF No. 150).  The Court recognizes that the duties of the Special Master and any Tax Professional are narrower than the receiver duties set forth in the Guidelines, and that therefore not all provisions of the Guidelines are literally applicable to the Special Master and any Tax Professional, but the Court expects that the Special Master and any Tax Professional shall follow the Guidelines to the extent practicable and applicable to their duties, and consistent with the Court's concern for efficient work and preservation of capital for the benefit of investors.

9.   **IT IS HEREBY FURTHER ORDERED** that, subject to the approval of this Court, the Special Master is empowered to hire his own legal counsel should the Special Master conclude, in his own professional discretion, that he needs legal advice beyond his own legal knowledge; provided however, that the Court shall approve the hiring of legal counsel and legal counsel's billing rates prior to any such engagement and any legal fees incurred by the Special Master shall be included in his billings and shall be reimbursed by the Fund, subject to the approval of this Court.

10.   **IT IS HEREBY FURTHER ORDERED** that the Special Master and any Tax Professional have access to the documents and records concerning the Fund in the possession, custody, or control of the Securities and Exchange Commission ("SEC") that may be reasonably necessary to perform his duties, provided the Special Master and any Tax Professional agree to comply with the SEC's policy regarding access to non-public information, and specifically that the Special Master and any Tax Professional establish and maintain such safeguards as are necessary and appropriate to protect the confidentiality of the information, documents, and information derived from such documents to which access is granted.  Other than as set forth above, the Special Master and any Tax Professional will:

A.   Make no public use of these files or information without prior approval of the SEC;

1     B. Notify the SEC of any legally enforceable demand for the files or information

2      prior to complying with the demand, and assert such legal exemptions or privileges

3      on the SEC's behalf as the SEC may request; and

4     C. Not grant any other demand or request for the files or information without prior

5      notice to and lack of objection by the SEC.

6   11.  **IT IS HEREBY FURTHER ORDERED** that the Special Master and any Tax

7 Professional shall carry out his/her duties consistent with due regard for the preservation of the

8 Fund's capital, the maximum realization of the value of the Fund's assets, and the maximum recovery

9 to the Fund's limited partners as a whole in light of the risks involved in various courses of action.

10   12.  **IT IS HEREBY FURTHER ORDERED** that the Special Master shall seek from

11 DDNi details of the Fund's interest in DDNi and copies of all agreements, notes, evidences of

12 indebtedness, warrants, stock or other securities, and all other documents that evidence the Fund's

13 interest in DDNi, and that in seeking this information, the Special Master shall express to DDNi the

14 Court's desire that the Special Master be provided with this information within ten business days of

15 his request so that this matter may proceed expeditiously.

16   13.  **IT IS HEREBY FURTHER ORDERED** that the Special Master has a continuing

17 duty to ensure that there are no conflicts of interest among the Special Master, any Tax Professional,

18 any legal counsel retained pursuant to paragraph 9, above, and the Fund.

19   14.  **IT IS HEREBY FURTHER ORDERED** that in the event the Special Master decides

20 to resign, the Special Master shall first give written notice to the Commission's counsel of record and

21 the Court of his intention, and the resignation shall not be effective until the Court discharges the

22 Special Master or appoints a successor.  The Special Master shall then follow such instructions as the

23 Court may provide.

24

25

26

27

28

[REVISED PROPOSED] SECOND ORDER    6    CV12-2663 (EJD)
APPOINTING SPECIAL MASTER

1    15.    **IT IS HEREBY FURTHER ORDERED** that the Court shall supervise the

2    performance of this Order and will adjudicate any disputes or disagreements, if any, concerning the

3    performance or interpretation of this Order.

4

5

6    IT IS SO ORDERED.

7    DATED this _____3rd_____ day of _____April_____, 2015

8

9                                    _____

10                                   Edward J. Davila
                                     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28