UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>GLR CAPITAL MANAGEMENT, LLC, et al.,<br><br>    Defendants. | Case No. 5:12-cv-02663-EJD<br><br>**ORDER GRANTING SPECIAL MASTER'S FINAL MOTION FOR APPROVAL OF FEES AND COSTS**<br><br>Re: Dkt. No. 258 |

On April 2, 2015, Gregory Sterling was reappointed to serve as the Special Master with respect to relief defendant GLR Growth Fund, L.P. (the "Fund"). Dkt. Nos. 191, 196. The reappointment order requires the Fund to pay the Special Master's "necessary and reasonable fees charged and expenses incurred," as approved by the court. Dkt. No. 196, at ¶ 7. The order also empowers the Special Master to hire legal counsel, which employment is subject to the court's approval "prior to any such engagement," and whose compensation must also be approved by the court. Id. at ¶ 9. The Special Master was advised to carry out his duties "consistent with due regard for the preservation of the Fund's capital, the maximum realization of the value of the Fund's assets, and the maximum recovery to the Fund's limited partners as a whole in light of the risks involved in various courses of action." Id. at ¶¶ 9, 11.

The Special Master now moves under the reappointment order for the following relief: (1) approval of fees and costs incurred by legal counsel, (2) approval of his own fees and costs, (3) and for his discharge. Dkt. No. 258. The Securities and Exchange Commission does not oppose

this motion. Dkt. No. 261. The court has carefully reviewed all of the relevant documents submitted for this matter in conjunction with the discussion held at the hearing, and will grant the Special Master's motion consistent with the following discussion.

## I. APPROVAL OF FEES AND COSTS FOR LEGAL COUNSEL

On November 25, 2015, the court permitted the Special Master to retain the law firm of Lubin, Olson & Niewdiadomski, LLP, subject to the following restrictions:

> (1) Counsel's work on behalf of the Fund is limited to drafting new documents related to prior loans made by the Fund to Digital Delivery Networks, Inc., including a new loan agreement that will re-capitulate and restate loan terms, a new promissory note, a new security agreement, and a new UCC-1 financing statement; and

> (2) the total legal fees for such work shall not exceed $5,000.

Dkt. No. 248.

The Special Master now seeks approval of $11,050.50 in legal fees and $254.00 in costs. This amount, however, does not comport with the November 25th order governing the retention of legal counsel.

First, it exceeds the cap placed on legal fees. In fact, the billing statements reveal the fees exceeded the cap even before the court heard and ruled on the Special Master's motion for appointment of counsel on November 5th and November 25th, respectively, since the invoice ending on October 31, 2015, totaled $9,084.50 in fees.

Second, and in that same vein, it appears from the billing statements that the Special Master had engaged counsel and authorized work before obtaining the court's approval, such that counsel had already billed over $9,000 by the time the court granted the Special Master's motion. Such unilateral authorization is inconsistent with the April 3rd reappointment order, which required the Special Master to obtain court authorization prior to the retention of counsel.

Third, much of the work described by counsel exceeds the scope of the authorization described in the November 25th order. Indeed, the court specifically limited counsel's work to drafting documents; it did not authorize counsel to conduct legal research or to draft and send

2

Case No.: 5:12-cv-02663-EJD
ORDER GRANTING SPECIAL MASTER'S FINAL MOTION FOR APPROVAL OF FEES AND COSTS

1  correspondence, and no further authorization for those tasks was sought before those fees were
2  incurred.
3        For these reasons, the court will grant the Special Master's request for approval of legal
4  counsel's fees in the amount of $5,000, which is consistent with the extent of the authorization.

## II. APPROVAL OF SPECIAL MASTER'S FEES AND COSTS AND DISCHARGE

"Federal Rule of Civil Procedure 53 gives the district court authority to appoint a special master, to 'specify or limit' his powers, and to fix his compensation." Cordoza v. Pac. States Steel Corp., 320 F.3d 989, 995 (9th Cir. 2003). A special master "should be adequately remunerated for actual work done, time employed and the responsibility assumed," and while "compensation should be liberal" it should not be "exorbitant." Newton v. Consol. Gas Co., 259 U.S. 101, 105 (1922). Indeed, "[t]he rights of those who ultimately pay must be carefully protected." Id. "The master accepts his appointment with the full knowledge that his compensation is to be fixed, not by any arbitrary standard or usage, but by the court's opinion, after the services are completed, of what is a fair compensation which the party to be charged should be required to pay." Pleasants v. S. Ry. Co., 93 F. 93, 95 (4th Cir. 1899); see Cordoza, 320 F.3d at 1001 (holding that a district judge has "broad discretion under Rule 53 to adjust [a special master's] pay according to his performance").

The Special Master seeks an order approving the following categories of fees and costs: (1) $52,220 for fees incurred from September 28, 2015, through March 4, 2016; (2) $2,297.86 for costs incurred for that same timeframe; (3) $20,000 for fees withheld from the prior order authorizing an interim fee payment to the Special Master.

Looking at the second category first, the Special Master has properly supported the request for costs. The majority of it - $2,000 - is attributable to costs and taxes that must be paid to form the new corporation taking over his duties with respect to the Fund. The remainder was incurred for the mailing of documents and for conference call services. The court will therefore approve the request for costs in its entirety.

United States District Court
Northern District of California

3

Case No.: 5:12-cv-02663-EJD
ORDER GRANTING SPECIAL MASTER'S FINAL MOTION FOR APPROVAL OF FEES AND COSTS

As for the first and third categories of fees, the court notes that it previously authorized an interim payment of $40,048.51 to the Special Master for fees and costs. Dkt. No. 248. He now requests an additional final payment of $72,220.00

To determine whether this or some other amount is appropriate, the court first considers the Special Master's performance. It is undoubtedly true that the Special Master worked conscientiously on behalf of the Fund throughout his appointment. He effectively negotiated new security agreements with the management of Digital Delivery Networks, Inc. which will better protect the Fund's interest in that company, all the while maintaining communication with the Steering Committee representing the Fund's limited partners. The Special Master also put forward a creative final resolution suited to the rather unique circumstances, which was ultimately adopted by the court and successfully implemented.

The court has also undertaken a review of the Special Master's billing statements, keeping in mind the instruction that the Special Master perform his duties with regard to preservation of the Fund's capital and assets in order to maximize the limited partners' recovery. As before, the statements include charges for tasks the court considers non-compensable, such as those solely for the review of certain documents or for finalizing or organizing materials. For the period of September 28, 2015, through March 4, 2016, those charges total $2,170.

In addition, some of the Special Master's work appears duplicative of that undertaken by counsel retained to draft new loan documents. This was particularly true in October, 2015, as the billing statement for that month reveals the Special Master spent a significant portion of time reviewing and revising the loan documents. Consequently, the court will apply a further discount of $1,000.

Taking into account the scope of the Special Master's appointment and the commendable result he achieved on behalf of the Fund as well as the indicated discounts, the court finds it appropriate to approve the Special Master's instant request for fees in the amount of $69,050.00. The court will also grant his request for discharge.

**III.     ORDER**

Based on the foregoing, the court orders as follows:

1. The Special Master's request for approval of legal counsel's fees is GRANTED in the total amount of $5,000. The Special Master shall pay that amount to Lubin, Olson & Niewdiadomski, LLP from the Special Master's Segregated Account.

2. The Special Master's request for approval of his costs is GRANTED in the total amount of $2,297.86, which the Special Master shall pay to himself from the Segregated Account.

3. The Special Master's request for approval of his fees is GRANTED in the total amount of $69,050.00. The Special Master shall pay to himself that amount from the Segregated Account, which shall represent the final payment to the Special Master as compensation for his appointment in this action.

4. The Special Master is DISCHARGED from all further duties.

**IT IS SO ORDERED.**

Dated: May 27, 2016



EDWARD J. DAVILA
United States District Judge